

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 12, 1947

Hon. Gibb Gilchrist, President
A. & M. College of Texas
College Station, Texas     Opinion No. V-454

           Re: Authority of Board
              of Directors of A.
              and M. College to
              erect an employees
              residence with bal-
              ance of Pure Feed
              Fund

Dear Sir:

       We refer to your letter of recent date re-
questing the opinion of this Department as to whether
the Board of Directors of Texas A. & M. College may
erect an employee's residence at the Gonzales Agricul-
tural Experiment Station out of the unexpended balance
of the Pure Feed Fund under the terms of the current
appropriation bill for educational institutions, H. B.
246, 50th Legislature.

       Sec. 2 of said H. B. 246, provides, in part,
that: "All balances in the institutional funds of the
several State institutions named in this Act . . . are
hereby appropriated for the support, maintenance, opera-
tion and improvement of said State institutions . . ."
and Sec. 3 provides, in part, that "the several sums of
money specified hereinafter . . . are hereby appropriat-
ed . . . to the several educational institutions and
other educational agencies named in this Act, for their
support, maintenance, buildings, operation and improve-
ments."

       Sec. 4 of said H.B. 246, contains, among others,
the following provisions:

       "For the purpose of paying the expenses
      incurred for administering the Pure Feed Laws
      . . . there is hereby appropriated to the ex-
      periment stations of the Agricultural and Me-
      chanical College of Texas out of the receipts

accrued to the credit of the Pure Feed
Fund for each of the fiscal years end-
ing August 31, 1948, and August 31,
1949, such amounts thereof as shall be
necessary for the efficient administra-
tion and operation of said Pure Feed
Laws. <u>The unexpended balance in said
fund may be used for any of the purposes
herein appropriated for the Agricultural
and Mechanical College of Texas,</u> or for
the purposes of conducting experiments
with feeds by the Texas Agricultural Ex-
periment Station, provided that any sal-
aries paid or supplemented therefrom
shall not exceed those paid for the same
or similar services in the Main College."

The Board of Directors of A. & M. College
was authorized to establish and maintain in Gonzales
County, Texas, an agricultural experiment station for
investigations and experiments in the study of poultry
problems by Art. 149H, Vernon's Civil Statutes. Sec.
2 of said Art. 149H provides, in part, as follows:

"The Board of Directors of the Agri-
cultural and Mechanical College of Texas
is hereby authorized and empowered to se-
cure a suitable site for the location of
said agricultural experiment station in
Gonzales County, Texas, . . . <u>The said
Board of Directors is authorized</u> to accept
donations of land, water, equipment, money
or anything of value for the establishment
and maintenance of said station and <u>to use
donations and appropriations which might
hereafter be made for the erection of the
necessary buildings and equipment</u> . . ., if
and after the lands necessary for said sta-
tion have been purchased or donated."
(Underlining supplied)

The Pure Feed Fund, which is the source of
the moneys with which you intend to erect the employee's
residence, is a special fund in which there are deposit-
ed the tag and certification fees collected by A. & M.
College on all feeding stuff used or sold in this State.
The fees are paid to the Director of the Texas Agricul-
tural Experiment Station at A. & M. and by him deposit-
ed in the State Treasury. Art. 3875, V.C.S.

The quoted provisions of the Appropriation Bill do not undertake to limit the Board of Directors in the expenditure of the balance in the Pure Feed Fund. It is true that the moneys in said fund are public moneys which must be re-appropriated every two years by the Legislature in order that they may be "expended in performing the duties" required by the pure feed statutes. However, as a matter of legislative practice we know that the use of these funds has been left largely to the discretion of the Director of the Experiment Station and the Board of Directors of A. & M. College.

We believe that one of the purposes of the appropriation for A. & M. College in H.B. 246 is the maintenance, operation and improvement of the Gonzales Experiment Station, as evidenced by Items 113 through 117 of this Act. If in the sound discretion of the Board of Directors of A. & M. College, an employee's residence is a necessary building at the Gonzales Experiment Station, the Board may authorize erection of such a residence to be paid for from the unexpended balance of the Pure Feed Fund.

## SUMMARY

The Board of Directors of the A. & M. College of Texas may erect an employee's residence at the Gonzales Experiment Station from the unexpended balance of the Pure Feed Fund, if in the discretion of the Board such residence is a necessary building at this station. Art. 149H, V.C.S.; Secs. 2 and 3, H.B. 246, Acts 50th Leg., R.S. 1947.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By          *James T. Bryan*

James T. Bryan
Assistant

JTB/lh